SAYLES FINISHING PLANTS, INC. *vs.* EASTERN TERMINAL CORPORATION *et al.*

JUNE 21, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This case is before us on exceptions taken by defendant Albert H. Davis to a ruling dismissing the case as to him and entering judgment against his co-

defendant, Eastern Terminal Corporation. The case is an action in assumpsit, with counts in debt and covenant, to recover rent and other payments due the plaintiff under a written lease from the plaintiff to said corporation. The lease was assigned to the defendant Davis. The plaintiff's assent to this assignment contained a reservation of the rights of the lessor against the original lessee.

Pursuant to the provisions of Chapter 1343, P. L. 1929, as amended, the plaintiff annexed to its writ an affidavit stating that in the opinion of the deponent there was no defense to the action, and filed with the writ a motion for summary judgment. Defendant Davis filed an affidavit of defense setting forth that he had a valid defense to the action and that he "did not in fact become at any time jointly liable with the other defendant" to the plaintiff. The other defendant filed no affidavit of defense. The justice who heard said motion for summary judgment, being of the opinion after examining the lease and assignment that the liability of the defendants was several and not joint, dismissed the case as to defendant Davis—see Sec. 23, Chap. 333, G. L. 1923—and entered judgment against defendant Eastern Terminal Corporation. Said section provides in part as follows: "No action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in and parties misjoined may be dropped, by order of the court at any stage of the cause, as justice may require, in the discretion of the court, and upon such terms as the court may order."

The contention of defendant Davis is that he is primarily liable and the other defendant is liable only after Davis has failed to pay a judgment obtained against him. It is unnecessary to consider this contention. If the contention were valid it might have been urged by the other defendant but not by Davis. He was dropped as a party defendant. He was not seeking any affirmative relief, and as he prevailed in the lower court, he has no standing here. He was not prejudiced within the meaning of Sec. 8, Chap.

348, G. L. 1923, and hence was not entitled to except to the action of the court in dropping him as a party and entering judgment against the other defendant. See *Boss v. Lederer Realty Corp.*, 43 R. I. 371; the *Church suits*, 49 R. I. 269.

The exceptions are overruled and the case is remitted to the Superior Court for execution on the judgment as entered.

*Elmer E. Tufts, Jr., Ronald B. Smith, Edwards & Angell,* for plaintiff.

*Augustine H. Downing,* for defendant.